ORDERED.

Dated: March 29, 2018

_____
Cynthia C. Jackson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

| | |
|---|---|
| Robert A Word, Jr. and<br>Shannon F. Word, | Case No. 6:15-bk-04736-CCJ<br>Chapter 7 |
|     Debtors.<br>_____/ | |
| Robert A Word, Jr. and,<br>Shannon F. Word | Adversary No. 6:15-ap-00120-CCJ |
|     Plaintiff,<br>vs. | |
| Internal Revenue Service and<br>Mississippi State Tax Commission, | |
|     Defendants.<br>_____/ | |

MEMORANDUM OPINION

This adversary proceeding came before the Court for trial on the Complaint to Determine Dischargeability of Federal and State Income Tax Liability[1] filed by the Plaintiffs, Robert A. Word

and Shannon F. Word (collectively the "Debtors").  By the complaint, the Debtors ask the Court to determine that the amounts owed to the Internal Revenue Service (the "IRS") for 2009 and 2010 federal income taxes are dischargeable.  The IRS concedes that the amounts owed by the Debtors for 2009 federal income taxes are dischargeable.[2]  But the IRS contends that the amounts owed for 2010 federal income taxes are not dischargeable under Section 523(a)(1)(B) of the Bankruptcy Code because the Debtors did not file a 2010 federal income tax return before they filed this bankruptcy case.

Having considered the pleadings, the argument of the parties, and the evidence presented,[3] the Court finds that the amounts owed by the Debtors for 2009 federal income taxes are dischargeable and the amounts owed by the Debtors for 2010 federal income taxes are not.  The Court makes the following finding of facts and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

Facts

The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on May 29, 2015.  The Debtors' bankruptcy schedules list the IRS as a creditor holding unsecured priority claims for 2009 and 2010 federal income taxes.  The Court granted the Debtors a discharge on September 9, 2015 and the Debtors initiated this adversary proceeding.  During the pendency of the adversary proceeding, Mr. Word became ill.  The parties agreed to continue the trial until Mr. Word recovered.  Unfortunately, Mr. Word did not recover and died.  Several months later, Mrs. Word and the IRS proceeded to trial.  The parties stipulated at trial that the only issue for this Court to resolve is whether the Debtors filed their 2010 federal income tax return (the "2010 Tax Return") with the IRS.

Mrs. Word contends that Mr. Word filed 2010 Tax Return with the IRS. Mrs. Word testified at trial that the Debtors routinely prepared and filed their federal income tax returns over the last twenty years. Mrs. Word explained that Mr. Word, a certified public accountant, would prepare the Debtors' tax return. Mr. Word would then typically discuss the tax return with Mrs. Word and together they would sign it. Mr. Word would then handle the filing of the tax return with the IRS.

In 2011, the Debtors continued with the same course of conduct. Mr. Word prepared the 2010 Tax Return. After a discussion, the Debtors signed the 2010 Tax Return and Mr. Word handled the filing of the 2010 Tax Return. Mrs. Word did not know when Mr. Word mailed the 2010 Tax Return to the IRS. Mrs. Word, however, believed that Mr. Word would have filed the 2010 Tax Return with the IRS in 2011 based on their consistent course of conduct. Mrs. Word provided the Court with letters from Word C.P.A., P.A. regarding an extension of time for filing the 2010 Tax Return (the "Extension Letters"); an application for automatic extension of time for filing the 2010 Tax Return with the IRS (the "Form 4868"), and a signed copy of the 2010 Tax Return dated September 19, 2011 (the "2010 Tax Return").

The IRS denies receiving the 2010 Tax Return prior to the bankruptcy filing. The IRS submitted at trial the deposition transcript of Florely Peterson. Ms. Peterson testified that she is an IRS bankruptcy specialist and has worked at the IRS for approximately 16 years. As a bankruptcy specialist, Ms. Peterson stated that she routinely researches the IRS's integrated data retrieval system ("IDRS"). The IDRS stores taxpayers' account information, including the receipt of tax returns by the IRS. Ms. Peterson explained that upon receipt of a tax return, a clerk at the IRS service center inputs the information and records the receipt of the tax return into the IDRS.

Ms. Peterson's research of the IDRS found that the IRS did not receive the 2010 Tax Return prior to the bankruptcy filing.

## Discussion

Generally, exceptions to discharge are construed liberally in favor of debtors.[4] Section 523(a)(1)(B)(i) of the Bankruptcy Code provides that a tax debt is excepted from discharge when the debtor fails to file a required return.[5] When the filing of a tax return is disputed, the debtor must prove by a preponderance of the evidence the filing of the tax return.[6] The parties agreed at trial that Mrs. Word has the burden to prove the filing of the 2010 Tax Return with the IRS.[7]

For purposes of Section 523(a)(1)(B)(i), a tax return is filed when the IRS receives actual delivery of the return.[8] "The case law is clear that filing means delivery."[9] Congress, however, created some exceptions to the actual delivery rule for federal income tax returns.[10] The exceptions are found in Section 7502 of the Internal Revenue Code. A tax return sent by U.S. mail is deemed delivered to the IRS by the postmark date stamped on the envelope containing the tax return.[11] If a tax return is sent to the IRS by registered mail, a registration receipt is *prima facie* evidence that the return was delivered to the IRS.[12] By regulation authorized in Section 7502, a postmarked certified mail receipt of a tax return sent by certified mail is also *prima facie* evidence that a tax return was delivered to the IRS.[13] A tax return filed electronically is deemed by regulation authorized in Section 7502 to be filed with the IRS on the date of the electronic postmark receipt.[14] When the proof required by Section 7502 is unavailable, this Court may not consider extrinsic evidence to prove the filing of a tax return.[15]

Here, Mrs. Word did not meet her burden of proof. To demonstrate filing of the 2010 Tax Return with the IRS, Mrs. Word must prove by a preponderance of the evidence that Mr. Word delivered the 2010 Tax Return to the IRS. None of the evidence submitted by Mrs. Word

demonstrates *delivery* of the 2010 Tax Return to the IRS. Mrs. Word did not provide the Court with the postmarked stamped envelope that contained the 2010 Tax Return. Nor did Mrs. Word provide evidence that Mr. Word filed the 2010 Tax Return electronically or that Mr. Word mailed the 2010 Tax Return to the IRS by either registered or certified mail. Mrs. Word's testimony and evidence did not even demonstrate that Mr. Word attempted delivery to the IRS by mailing or electronic filing  Although Mrs. Word's testimony is credible, her testimony and the exhibits she presented to this Court are insufficient as a matter of law to find that the Debtors filed the 2010 Tax Return.[16] Having considered Ms. Peterson's testimony and the evidence presented by Mrs. Word, the Court finds that the Debtors did not file the 2010 Tax Return with the IRS.

## Conclusion

For the reasons stated above, the Court finds that the amounts owed by the Debtors for 2009 federal income taxes are dischargeable, and that the amounts owed by the Debtors for 2010 federal income taxes are not dischargeable pursuant to Section 523(a)(1)(B) of the Bankruptcy Code. The Court will enter a judgment consistent with this opinion.


Clerk's office is directed to serve a copy of this order on all interested parties.

---

[1] Prior to the trial, the Debtors and Defendant, Mississippi State Tax Commission ("MSTC") stipulated to the voluntary dismissal of the Debtors claims against MSTC.

[2] *See* the Response by the IRS to the Debtors' complaint (Doc. No. 7).

[3] The IRS introduced four exhibits into evidence- an Account Transcript of the Debtors for the tax period December 31, 2010, an Account Transcript of Word CPA PA for the tax period December 31, 2010, a form CP59 Notice issued by the IRS, and the deposition transcript of IRS bankruptcy specialist Florely Peterson (the "Peterson Transcript"). Mrs. Word agreed to the admission of the Peterson Transcript into evidence. Mrs. Word, however, objected to the admissibility of the remaining exhibits, presumably as hearsay, because the IRS did not meet its burden to have the exhibits admitted pursuant to the business-records exception stated in Rule 803(6) of the Federal Rules of Evidence. Because the Court does not rely on the exhibits objected to at trial in this opinion, the Court declines to address their admissibility.

[4] *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir.1994).

[5] *See* 11 U.S.C. §523(a)(1)(B)(i); *Huber v. Massachusetts Dept. of Revenue (In re Huber)*, 211 B.R. 767, 769 (Bankr. M.D. Fla. 1997)(Jennemann, J.); *Thomson v. I.R.S. (In re Thomson)*, 2012 WL 2226437,*2 (Bankr. M.D. Fla. 2012)(Briskman, J.).

[6] *See Savage v. I.R.S. (In re Savage)*, 218 B.R. 126, 130 (10th Cir. 1998); *In re Huber*, 211 B.R. at 770.

[7] Although not at issue, the IRS also bears the burden to prove, by a preponderance of the evidence, that a claim is nondischargeable under Section 523(a) of the Bankruptcy Code. *See United States v. Fretz (In re Fretz)*, 244 F.3d 1323 (11th Cir. 2001). Here, the IRS met this burden through Ms. Peterson's testimony that based on her research of the IDRS, the Debtors did not file the 2010 Tax Return.

[8] *See In re Huber*, 211 B.R. at 770; *In re O'Neill*, 134 B.R. 48 (Bankr. M.D. Fla. 1991)(Proctor, J.); *Woodworth v. United States (In re Woodworth)*, 202 B.R. 641, 644 (Bankr. S.D. Fla. 1996).

[9] *Campbell v. United States (In re Campbell)*, 186 B.R. 731 (Bankr. N.D. Fla. 1995). *See also United States v. Lombardo*, 241 U.S. 73, 76 (1916) ("Filing it must be observed, is not complete until the document is delivered and received.").

[10] *See In re O'Neill*, 134 B.R. 48, 49-50 (Bankr. M.D. Fla. 1991).

[11] *See* 26 U.S.C. §7502(a)(1998).

[12] *See* 26 U.S.C. §7502(c)(1998). Section 7502 (c) of the Internal Revenue Code states in pertinent part:
(1) Registered mail.--For purposes of this section, if any return,… is sent by United States registered mail-
(A) such registration shall be prima facie evidence that the return,…was delivered to the agency, officer, or office to which addressed; and
(B) the date of registration shall be deemed the postmark date.
(2) Certified mail; electronic filing.--The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail and electronic filing.

[13] *See* 26 U.S.C. §7502(c)(2) and 26 C.F.R. §301.7502-1(e) (2011).

[14] *See* 26 U.S.C. §7502(c)(2) and 26 C.F.R. §301.7502-1(d) (2011).

[15] *See Drake v. Comm'r*, 554 F.2d 736 (5th Cir. 1977)(refusing to allow extrinsic evidence to prove timely filing of tax returns pursuant Section 7502 of the Internal Revenue Code) This decision is binding precedent on the Court. The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209-10 (11th Cir. 1981), adopted as precedent, the decisions issued prior to October 1, 1981 by the United States Court of Appeals for the Fifth Circuit. *See also In re Huber*, 211 B.R. at 770; *In re Woodworth*, 202 B.R. at 644 (Bankr. S.D. Fla. 1996) (Eleventh Circuit bankruptcy courts have generally concluded that "the only legally sufficient evidence establishing the filing date is either the postmark on the envelope or a registered or certified mail receipt"); *In re O'Neill*, 134 B.R. at 50 (debtor's testimony insufficient to overcome presumption that tax returns were not filed); *Young v. I.R.S. (In re Young)*, 230 B.R. 895, 897 (Bankr. S.D. Ga. 1999)(Section 7502(a) and (c) of the Internal Revenue Code state the only method of proving that a tax return was filed with the IRS).

[16] *See In re Young*, 230 B.R. 895, 897-98; *In re O'Neill*, 134 B.R. at 50.